```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

IVAN MARTINEZ                      )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 05-11446-GAO
                                   )
COMMONWEALTH OF                    )
MASSACHUSETTS, et al.,             )
          Defendants.              )
```

## MEMORANDUM

For the reasons set forth below, plaintiff is advised that his complaint is subject to summary dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

## REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that

are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Because plaintiff is a prisoner, he is also subject to the provisions of Section 1915A of title 28.  Section 1915A authorizes the Court to review prisoner complaints in civil actions where a prisoner seeks redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action, regardless of whether plaintiff is seeking to proceed without prepayment of fees, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

## DISCUSSION

On June 1, 2005, plaintiff Ivan Martinez, while an inmate at the Upstate Correctional Facility in New York, filed this action in the United States District Court for the Northern District of New York.  See Docket.  By Order dated June 28, 2005, the action was transferred to this Court because the acts complained of relate to conduct that allegedly occurred in Massachusetts.  See Transfer Order.  Plaintiff's civil rights complaint is brought against the Commonwealth of Massachusetts, the City of Lowell and Middlesex County and seeks monetary damages in the amount of "10,000,000 million dollars."  See Complaint ("Compl.").  Plaintiff complains that the defendants wrongfully detained and questioned him, and wrongfully issued a fugitive warrant for his arrest which resulted in his extradition to Massachusetts.

To the extent plaintiff brings this action against the

Commonwealth, the Commonwealth has Eleventh Amendment immunity. The Eleventh Amendment[1] generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit. Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh). Here, the Commonwealth has not consented to suit, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity), nor did Congress, in enacting the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., intend to abrogate the immunity afforded by the Eleventh Amendment. See, e.g., Bair v. Krug, 853 F.2d 672, 674-75 (9th Cir.1988) (holding inter alia in action alleging civil RICO claims that appellants had no argued or proffered authority that Congress had overridden Eleventh Amendment immunity); accord Gaines v. Texas Tech. Univ., 965 F. Supp. 886, 889 (N.D. Tex.

---

[1] The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

1997) (same); McMaster v. Minnesota, 819 F. Supp 1429, 1434 (D. Minn. 1993) (same), aff'd, 30 F.3d 976 (8th Cir. 1994). Thus, the Eleventh Amendment bars plaintiff's suit against the Commonwealth.[2] See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

Plaintiff's claims against the City of Lowell and Middlesex County fail because they are based on a theory of respondeat superior and because he fails to allege the existence of an unconstitutional custom or policy.

Liability under Section 1983 is direct, not vicarious. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no respondeat superior liability under § 1983). Section 1983 liability may only be imposed upon officials who were involved personally in the deprivation of constitutional rights, and may not be premised solely on the employer-employee relationship

---

[2] Because the existence of Eleventh Amendment immunity requires the dismissal of plaintiff's claims, the Court will not consider at this time other possible bases of dismissal such as: (1) Chapter 258A of Mass. Gen. Laws was repealed in 1994, Act of Jan. 3, 1994, ch. 478, § 3, 1993 Mass. Laws; (2) the lack of diversity jurisdiction for any state-law or common-law claims, Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) (citizenship of each plaintiff must be shown to be diverse from that of each defendant for jurisdiction under 28 U.S.C. § 1332(a)); (3) private parties cannot bring a federal criminal RICO action, Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (only the United States as prosecutor can bring a complaint under criminal RICO statutes); and (4) plaintiff has not come close to stating the elements of a federal civil RICO claim. See, e.g., Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985) (listing elements of § 1962(c) action).

between an entity and the alleged tortfeasor.  <u>Id.</u>; see <u>Guzman v. City of Cranston</u>, 812 F.2d 24, 26 (1st Cir. 1987); accord <u>Rodriguez-Vazquez v. Cintron-Rodriguez</u>, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

Although municipalities are "persons" for purposes of Section 1983, liability against these political subdivisions also may not arise vicariously.  <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 279 (1977); <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691-92 (1978).  Instead, municipalities are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as a policy or custom.  <u>Monell</u>, 436 U.S. at 690-91; accord <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).

Plaintiff's complaints contain no allegations that any act complained of occurred pursuant to a city policy or was one of a series of incidents amounting to an unconstitutional custom or practice or resulted from the decision of a city policymaker with policymaking authority.  Because municipalities cannot be held liable under Section 1983 in the absence of proof that the deprivation of constitutional rights was caused by an unconstitutional policy or practice, Section 1983 complaints, like plaintiff's, which fail to include such allegations, do not

state a claim upon which relief can be granted.  <u>Baxter by Baxter v. Vigo County Sch. Corp.</u>, 26 F.3d 728, 736 (7th Cir. 1994) (dismissing for failure to sufficiently allege any policy or custom on the part of defendant); accord <u>Buchanan v. City of Kenosha</u>, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999) (same); <u>Stratton v. City of Boston</u>, 731 F. Supp. 42, 47 (D. Mass. 1989) (same).

Finally, the Court notes that the statute of limitations for claims under the Civil Rights Act is three years.  <u>Nieves v. McSweeney</u>, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); <u>Govan v. Trustees of Boston Univ.</u>, 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§ 1981, 1985).  <u>Cf.</u> <u>Rodriguez-Garcia v. Municipality of Caguas</u>, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims).  The plaintiff's cause of action arose on or before October 22, 2001.  His complaint was not filed until June 1, 2005, and is therefore untimely.

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A without further notice after forty-two (42)

days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

| | |
|---|---|
| <u>November 30, 2005</u><br>DATE | <u>/s/ George A. O'Toole, Jr.</u><br>GEORGE A. O'TOOLE, JR.<br>UNITED STATES DISTRICT JUDGE |